IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HALEIGH JONES | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **Civil Action No. 5:21-CV-00063** |
| | § | |
| AARON PARNELL | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S COMPLAINT

**To the Honorable United States Judge of Said Court:**

COMES NOW, HALEIGH JONES (hereinafter referred to as "Plaintiff"), and respectfully files this Complaint against AARON PARNELL (hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

### I. Parties

1. Plaintiff HALEIGH JONES is a citizen and resident of Florissant, St. Louis County, Missouri.

2. Defendant AARON PARNELL is citizen and resident of Mount Pleasant, Titus County, Texas, and service of process upon this Defendant may be had by serving him at his home address 2390 CR 4710, Mount Pleasant, Texas 75455.

## II. Jurisdiction

3. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

4. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. Facts

5. On or about July 2, 2019, Haleigh Jones was going North at the 2500 block of Jefferson Avenue. Ms. Jones had the green light to proceed.

6. Defendant Aaron Parnell was turning East from Jefferson Avenue onto Jerry Boatner Parkway. Mr. Parnell turned on a yield arrow.

7. The failure of Mr. Parnell to yield the right of way to Ms. Jones resulted in a collision between the two vehicles.

8. Haleigh Jones suffered severe injuries and still has issues from the injuries she suffered.

## IV. Cause(s) of Action as to Defendant

9. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

### A. *Negligence of Defendant*

10. Defendant Parnell owed duties of ordinary care to Plaintiff and other motorists on the roadway. Defendant Parnell's conduct, as outlined above, breached those duties through various acts and/or omissions, including the following, each of which

singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein.

    a.    failing to yield the right of way;

    b.    keeping an improper lookout;

    c.    travelling at an unreasonable speed given the circumstances;

    d.    making an untimely and improper application of his brakes;

    e.    exhibiting inadequate driver attention;

    f.    driving distracted;

    g.    taking improper evasive actions to avoid the collision;

    h.    choosing to violate safety rules; and

    i.    driving in a reckless manner.

11. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

### B. *Negligence Per Se of Defendant*

12. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

13. In addition to other counts, Defendant Parnell's conduct, as outlined above, constitutes negligence per se as Defendant Parnell violated statutory law under the Texas Transportation Code. Specifically, Defendant Parnell violated the following statute.

> Sec. 545.151.  VEHICLE APPROACHING OR ENTERING INTERSECTION.
>> (a)  An operator approaching an intersection:
>>> (1)  shall stop, yield, and grant immediate use of the intersection:
>>>> (A)  in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign.

14. Plaintiff, as a driver on the roadway, is a member of the class of persons the above-referenced statutes were designed to protect. Defendant Parnell has no excuse for the violation of the above-referenced statutes. Defendant Parnell's violation of the above-referenced statutes proximately caused Plaintiff's injuries. Accordingly, Defendant Parnell is negligent per se.

## V. Damages to Plaintiff

15. As a result of the acts and/or omissions of Defendant, Plaintiff has endured both past and future pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, loss of consortium, interference with her daily activities, and a reduced capacity to enjoy life as a result of her injuries.

16. As a result of the acts and/or omissions of Defendants, Plaintiff has become obligated to pay extensive medical expenses.

17. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries to Plaintiff, have caused actual damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. Conclusion and Prayer

18. A jury is requested for this cause of action.

19. For the reasons presented herein, Plaintiff prays that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recover judgment against Defendant for:

   a. actual damages;
   b. economic and non-economic damages;
   c. prejudgment and post-judgment interest at the maximum rate allowable by law;
   d. costs of suit; and
   e. all other relief, general and special, to which the Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

/s/ Stewart D. Matthews
Stewart D. Matthews
State Bar No. 24039042
attorney@accidentlawyer.legal
2106 West Ennis Avenue
Suite B
Ennis, Texas 75119
(972) 398-6666 – Phone
(214) 206-9991 – Fax

**Attorney for Plaintiff**